NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| YOLANDA WILLIAMS ANDREWS,<br><br>　　　　　　　Plaintiff,<br><br>　　　v.<br><br>DAUGHTERS OF ISRAEL<br>et al.,<br><br>　　　　　　　Defendants. | Civil Action No. 16-139 (SRC)<br><br>**OPINION & ORDER** |

**CHESLER, U.S.D.J.**

This matter comes before this Court on the motion to dismiss the Complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), by Defendant Daughters of Israel ("DOI"). For the reasons stated below, the motion will be denied without prejudice.

This case arises from an employment discrimination dispute. The Complaint alleges that DOI employed Plaintiff and terminated her, in violation of various state and federal anti-discrimination laws, on November 24, 2015. Plaintiff filed the Complaint in the Superior Court of New Jersey on November 24, 2015. DOI removed the case to this Court on January 11, 2016.

DOI has moved to dismiss the Complaint for failure to state a valid claim for relief, pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground that the relevant statutes of limitations on Plaintiff's claims have run. This faces an immediate difficulty. The Complaint alleges that DOI terminated Plaintiff on November 24, 2015, and it appears that the Complaint was filed that very day. DOI offers a certification which indicates that DOI terminated Plaintiff on November 22, 2013.

DOI's motion to dismiss thus relies on a factual allegation contrary to that alleged in the Complaint. "A motion to dismiss pursuant to Rule 12(b)(6) may be granted only if, accepting all well pleaded allegations in the complaint as true, and viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1420 (3d Cir. 1997). This Court must, on this motion, accept as true the Complaint's allegation that the termination occurred on November 24, 2015.

Moreover, "[a] statute of limitations defense is an affirmative one, and in order to undergird a dismissal, must appear on the face of the complaint." Benak v. Alliance Capital Mgmt. L.P., 435 F.3d 396, 400 (3d Cir. 2006). Inasmuch as the Complaint alleges that the termination occurred on the date the Complaint was filed, it does not appear from the face of the Complaint that the statute of limitations has run on any of Plaintiff's claims.

In addition, Plaintiff argues that DOI's violation of the Family and Medical Leave Act was willful, within the meaning of 29 U.S.C. § 2617(c)(2), thereby extending the statute of limitation to three years instead of two. This makes it especially inappropriate to rule on a statute of limitations affirmative defense on a 12(b)(6) motion.

The motion to dismiss will be denied without prejudice, but DOI has persuaded the Court that this issue is the threshold issue that must be resolved in this case. This Court will therefore stay all litigation and discovery in this case with the exception of discovery regarding the statute of limitations affirmative defense. The parties shall complete discovery on this issue within 45 days of the date of entry of this Opinion and Order, and DOI will then have an additional 30 days to file a motion for summary judgment on the statute of limitations affirmative defense.

For these reasons,

**IT IS** on this 18th day of March, 2016

**ORDERED** that Defendant's motion to dismiss the Complaint (Docket Entry No. 4) is **DENIED** without prejudice; and it is further

**ORDERED** that all litigation and discovery in this case, except for that concerning the statute of limitations affirmative defense, is hereby **STAYED** for 45 days from the date of entry of this Order; and it is further

**ORDERED** that DOI shall file a motion for summary judgment on the statute of limitations affirmative defense within 30 days of the end of that discovery period, or the statute of limitations affirmative defense will be considered waived.

    s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.